Davis v Scottish Re Group Ltd. (2018 NY Slip Op 01867)





Davis v Scottish Re Group Ltd.


2018 NY Slip Op 01867


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


5391 654027/13

[*1]Paul Davis, Plaintiff-Appellant-Respondent,
v
Scottish Re Group Limited, et al., Defendants, Jonathan Bloomer, et al., Defendants-Respondents-Appellants, SRGL Acquisition, LDC, et al., Defendants-Respondents.


Boies Schiller Flexner LLP, New York (Eric Brenner of counsel), for appellant-respondent.
Mayer Brown LLP, New York (Jean-Marie L. Atamian of counsel), for respondents-appellants.
Schulte Roth & Zabel LLP, New York (Andrew D. Gladstein of counsel), for SRGL Acuisition, LDC and Cerberus Capital Management L.P., respondents.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Joshua S. Margolin of counsel), for Benton Street Partners I, L.P., Benton Street Partners II, L.P., Benton Street Partners III, L.P. and Massachusetts Mutual Life Insurance Company, respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 19, 2017, which, insofar as appealed from as limited by the briefs, denied the motion by the directors of defendant Scottish Re Group Limited (the director defendants) to dismiss the third cause of action (breach of fiduciary duty), granted the director defendants' motion to dismiss the fourth cause of action (breach of fiduciary duty), and granted the motions by defendants SRGL Acquisitions, LDC, Benton Street Partners I, L.P., Benton Street Partners II, L.P., Benton Street Partners III, L.P., Massachusetts Mutual Life Insurance Company, and Cerberus Capital Management L.P. (the investor defendants) to dismiss the sixth cause of action (unlawful act conspiracy), unanimously modified, on the law, to grant the director defendants' motion to dismiss the third cause of action, and to deny their motion to dismiss the fourth cause of action to the extent it asserts claims against defendants Jeffrey Hughes, Larry Port and Raymond Wechsler based on the "sufficient information duty" under Cayman Islands law, and otherwise affirmed, without costs.
The complaint, which was amended following the prior appeal (Davis v Scottish Re Group Ltd. [Davis I], 138 AD3d 230 [1st Dept 2016], mod on other grounds 30 NY3d 247, [2017]), still fails to allege "a special factual relationship between the directors and the shareholders ... bring[ing] the directors of the company into direct and close contact with the shareholders in a manner capable of generating fiduciary obligations" with regard to either the dividend policy that is the subject of the third cause of action or the merger transaction that is the subject of the fourth cause of action (id. at 237).
However, to the extent the director defendants gave shareholders an information statement providing information and recommendations about the merger transaction, they owed the shareholders a "sufficient information duty" (Sharp v Blank, [2015] EWHC 3220 [Ch], ¶ 5). This is not a duty of loyalty, which would require the directors to subordinate their interests to the shareholders' interests, but "if [the directors] are going to invite the shareholders to a [*2]meeting, common fairness requires that they explain what the purpose of the meeting is" in a "clear and comprehensible" manner (id. at ¶ 21). Contrary to the director defendants' contention, plaintiff did not raise this "sufficient information duty" theory for the first time on this appeal. Although he did not so label his theory, as this Court recognized in Davis I, plaintiff has consistently claimed that the director defendants breached a duty to him by providing misleading information in connection with the merger (138 AD3d at 235).
Nor are the complaint's allegations about misinformation given to shareholders in the information statement conclusory. The complaint alleges that the information statement failed to disclose that two directors on the special committee negotiating merger terms had ties to the investor defendants, who proposed the merger, that it failed to disclose any details about the search for alternate proposals, which was illusory, that it failed to provide a meaningful valuation of ordinary shares using industry standards for the insurance business, and that it failed to disclose the impact on the stock value of a parallel bond transaction. Moreover, the complaint alleges that, while the information statement warned that the investor defendants could wipe out the ordinary shareholders by redeeming their convertible cumulative preferred participating shares, it misrepresented the likelihood of that occurrence.
The allegations underlying the sixth cause of action, which alleges unlawful act conspiracy against the investor defendants, are conclusory and therefore fail to state a cause of action.
Plaintiff's request for jurisdictional discovery pursuant to CPLR 3211(d) as to certain director and investor defendants is denied. Initially, plaintiff has never appealed from the prior order of the lower court holding that it lacked personal jurisdiction over seven of the director defendants. Additionally, plaintiff has failed to demonstrate "the possible existence of essential jurisdictional facts that are not yet known" which would warrant jurisdictional discovery (Copp v Ramirez, 62 AD3d 23, 31 [1st Dept 2009], lv denied 12 NY3d 711 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK